UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GARCIA, | Case No. EDCV 07-1365-JTL |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

On October 24, 2007, Janet Garcia ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her application for Disability Insurance Benefits. On November 6, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On January 10, 2008, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on April 10, 2008, defendant filed an Answer to the Complaint. On June 11, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

# BACKGROUND

On October 25, 2004, plaintiff filed an application for disability insurance benefits. (Administrative Record ["AR"] at 45). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 29, 30). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 31).

On November 15, 2006, the ALJ conducted a hearing in San Bernardino, California. (See AR at 689-712). Plaintiff appeared at the hearing with counsel and testified. (AR at 692-711). On January 24, 2007, the ALJ issued his decision denying benefits to plaintiff. (AR at 11-17). In his decision, the ALJ determined that although plaintiff had a severe impairment of the musculoskeletal system, plaintiff retained the residual functional capacity to perform "light exertion." (AR at 13). Therefore, among other things, plaintiff could lift twenty pounds occasionally and ten pounds frequently, and stand, walk, and sit for six hours out of an eight-hour work day. (AR at 13). The ALJ also found that plaintiff was capable of performing her past relevant work as a Clerk II/legal clerk. (AR at 13-17). Thus, the ALJ concluded that plaintiff was not disabled through the date of the decision. (AR at 17). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 4-6).

Thereafter, plaintiff appealed to the United States District Court.

# PLAINTIFF'S CONTENTIONS

Plaintiff makes the following claims:

1.   The ALJ failed to properly consider the opinion of Jennifer Jernigan, M.D., plaintiff's treating physician, regarding the side-effects of plaintiff's medication.

2.   The ALJ failed to properly consider the type, dosage, effectiveness and side-effects of plaintiff's medications.

3.   The ALJ failed to properly consider the mental and physical demands of plaintiff's past relevant work.

///
///

**STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

**A.    The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is

presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Id.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Id. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.     Plaintiff's Past Relevant Work**

Plaintiff contends that the ALJ failed to properly consider the mental and physical demands of plaintiff's past relevant work as a Clerk II. (Joint Stipulation at 12-16). Plaintiff argues the ALJ failed to provide specific findings or analysis regarding the physical and mental demands of plaintiff's past relevant work and failed to discuss how plaintiff's assessed limitations would impact her ability to perform her past relevant work. (Joint Stipulation at 13-14). Defendant notes that it was plaintiff's burden to prove that she was incapable of the specific activities required in her former work and argues that plaintiff failed to meet this burden. (Joint Stipulation at 17-18). Defendant further argues that the ALJ properly based his findings regarding plaintiff's past relevant work on the opinion of the State Agency vocational specialist and, thus, did not err in determining that plaintiff's impairment does not prevent her from doing her past relevant work. (Joint Stipulation at 17).

At step-four of the sequential evaluation process, a claimant must establish that his or her severe impairment or impairments prevent him or her from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). The regulations explain the step-four evaluation: "If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you

can still do this kind of work, we will find that you are not disabled." 20 C.F.R. §§ 404.1520(e); 416.920(e). The claimant has the burden of showing that he or she can no longer perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); Clem v. Sullivan, 894 F.2d 328, 331-32 (9th Cir. 1990). Although the burden of proof lies with the claimant, the ALJ still has a duty to make the requisite factual findings to support his or her conclusion. Pinto, 249 F.3d at 844-45.

In order to determine whether a claimant has the residual functional capacity to perform his or her past relevant work, the ALJ must evaluate the work demands of the past relevant work and compare them to the claimant's present capacity. Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986). Social Security Ruling ("SSR")[1] 82-62 states that a determination that a claimant has the capacity to perform a past relevant job must contain among the findings the following specific findings of fact: (1) a finding of fact as to the claimant's residual functional capacity; (2) a finding of fact as to the physical and mental demands of the past job or occupation; and (3) a finding of fact that the claimant's residual functional capacity permits him or her to return to the past job or occupation. See SSR 82-62; see also Pinto, 249 F.3d at 844-45.

A finding that a claimant is able to return to his past relevant work must be based on adequate documentation and a careful appraisal. Dealmeida v. Bowen, 699 F. Supp. 806, 807 (N.D. Cal. 1988) ("Without the proper foundation as to what plaintiff's past relevant work entailed, the ALJ's subsequent determination that plaintiff retained the residual functional capacity to perform that job is not supported by substantial evidence."). This determination requires a careful appraisal of the claimant's statements, the medical evidence, and, in some cases, corroborative information such as the Dictionary of Occupational Titles ("DOT"). SSR 82-62. SSR 82-62 further states that adequate documentation must be obtained to support the

---

[1] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

decision, including "factual information about those work demands which have a bearing on the medically established limitations." Thus, "[d]etailed information about . . . mental demands and other job requirements must be obtained as appropriate." SSR 82-62; see Sivilay v. Apfel, 143 F.3d 1298, 1299 (9th Cir. 1998) (remanding to ALJ to "investigate fully the demands of the applicant's past work and compare them to the applicant's residual mental and physical capabilities"). Any determination regarding a claimant's ability to perform past work "must be developed and explained fully in the disability decision" and "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." SSR 82-62.

Here, the ALJ found that plaintiff had a severe impairment of the musculoskeletal system and found that plaintiff retained the residual functional capacity to perform a limited range of light exertion. (AR at 13). Specifically, the ALJ determined that plaintiff had the following residual functional capacity:

> [Plaintiff] can lift 20 pounds occasionally and 10 pounds frequently. She can stand and walk for 6 hours out of an 8-hour work day, and she can sit for 6 hours out of an 8-hour work day. [Plaintiff] cannot climb ramps or stairs. She can occasionally stoop, kneel, crouch, and crawl. [Plaintiff] is precluded from repeated or constant wrist flexion/extension, supination/pronation, or turning/twisting. [Plaintiff] cannot perform extreme neck flexion or extension. She is precluded from extreme or constant overhead reaching or stretching that would involve extreme extension of the neck. She cannot perform constant or repetitive power gripping or grasping, but she should be able to use her hands for gross manipulation 1/3 to 2/3 of the time as defined in the Dictionary of Occupational Titles (DOT) and Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles

> (SCO). [Plaintiff] could have difficulty with repetitive fingering, but she should be able to perform fingering 1/3 to 2/3 of the time as defined for frequent in the DOT/SCO. She should be able to write, turn pages, use the phone, and finger larger objects.

(AR at 13-14).

As discussed above, a determination that a claimant has the capacity to perform a past relevant job must contain specific findings of fact as to (1) the claimant's residual functional capacity; (2) the physical and mental demands of the past job or occupation; and (3) whether claimant's residual functional capacity permits him or her to return to the past job or occupation. See SSR 82-62. The ALJ has satisfied the first requirement in that he made sufficiently specific findings of fact regarding plaintiff's residual functional capacity. The ALJ, however, failed to make the requisite findings of fact regarding (1) the physical and mental demands of plaintiff's past work as a Clerk II and (2) whether plaintiff's residual functional capacity permits her to return to her past job as a Clerk II. See SSR 82-62.

In support of his conclusion that plaintiff is capable of performing her past relevant work as a Clerk II, the ALJ noted only that the he agreed "with the State Agency vocational consultants that [plaintiff] can return to her past relevant work as a clerk II [AR at 86]"[2] and that "[i]n comparing [plaintiff's] residual functional capacity with the physical and mental demands of this work, I find that [plaintiff] is able to perform it as performed." (AR at 16-17). The ALJ's conclusory statements fail to satisfy the demands of SSR 82-62. See Nimick, 887 F.2d at 867 (remanding case for failure to comply with SSR 82-62 and stating, "The ALJ's discussion of the demands made of a machine operator lacks the specificity and full development and explanation the Social Security regulations and ruling . . . require.").

---

[2] The ALJ cites to a Work Status Report dated April 27, 2004 in support of his finding that plaintiff can return to her past relevant work as a Clerk II. (AR at 16). The legible portions of the Work Status Report, however, indicate only that plaintiff is a "Permanent and Stationary: Qualified Injured Worker" and has a lifting restriction of 20 pounds. (AR at 86). In addition, there appears to be an assessed limitation prohibiting "prolonged bending, stooping, twisting." (See id.).

Moreover, the ALJ's findings regarding plaintiff's residual functional capacity conflict with plaintiff's descriptions of the physical requirements of her duties as a Clerk II. In the decision, the ALJ restricted plaintiff to lifting only 20 pounds occasionally and 10 pounds frequently. (AR at 13). However, in the Work History Report plaintiff completed on November 1, 2004, in which plaintiff described her job as a Clerk II at County Counsel Legal from May 1988 to September 2004, plaintiff stated that she was required to lift and carry "legal files from the office to courthouse 20 feet" and that she frequently lifted 20 pounds. (AR at 52). In the Work History Report plaintiff completed on November 11, 2004, plaintiff again described the requirements of her job as a Clerk II for County Counsel Legal and stated that she lifted and carried files 100 feet daily and indicated that the heaviest weight she lifted was 50 pounds and that she frequently lifted 25 pounds. (AR at 93). Thus, the lifting requirement that plaintiffs prior position at County Counsel Legal required was well over plaintiff's assessed lifting restriction of 20 pounds occasionally and 10 pounds frequently. Plaintiff's description of her position as a clerk for County Mental Health from January 1993 to August 1994 also conflicts with plaintiff's assessed residual functional capacity. The ALJ determined that plaintiff could sit for only six hours out of an eight-hour day. (See AR at 13). However, plaintiff stated that as a Clerk II, she had to sit for eight hours each day. (AR at 91).

**C.    Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. The ALJ failed to make the requisite factual findings regarding plaintiff's past relevant work with sufficient specificity and make proper findings that plaintiff's residual functional capacity permits her to return to her past relevant work. As such, the ALJ erred in his determination that plaintiff could return to her past relevant work. On remand, the ALJ must make specific findings regarding the plaintiff's past relevant work and

explain in accordance with SSR 82-62 whether plaintiff's residual functional capacity permits her to return to her past relevant work.[3]

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 16, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[3] In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to properly consider the assessed side-effects, type, dosage and effectiveness of plaintiff's medications. As explained above, however, the ALJ's error in failing to make the requisite factual findings regarding plaintiff's past relevant work constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.